UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: _____

RASHAD FLETCHER,

     Plaintiff,

v.

DANFOSS LLC,

     Defendant.

## NOTICE OF REMOVAL

Defendant, Danfoss LLC ("Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, where the action is now pending, to the United States District Court for the Northern District of Florida, Tallahassee Division.  The removal of this action is based upon the following:

## I.   INTRODUCTION

1.   On or about February 23, 2024, Plaintiff, Rashad Fletcher ("Plaintiff"), filed a civil action against Defendant Danfoss LLC, in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, entitled *Rashad Fletcher v.*

*Danfoss LLC*, assigned Case No. 2024-CA-000323 (hereinafter referred to as the "State Court Action").

2.      Plaintiff's Complaint (the "Complaint" or "Compl.") alleged race discrimination in violation of the Florida Civil Rights Act (Count I) and retaliation in violation of the Florida Civil Rights Act (Count II).

3.      A copy of the Complaint and Summons in the State Court Action was served upon Defendant on February 27, 2024.  This constituted Defendant's first legal notice of the State Court Action for purposes of removal.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b), within thirty-days (30) from the date on which Defendant received notice of the State Court Action.

4.      A true and correct copy of all process, pleadings, and orders served upon Danfoss in the State Court Action are attached hereto as **Composite Exhibit A**.

5.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Leon County. A copy of the Notice of Filing Notice of Removal is attached as **Exhibit B.**

## II.      JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. §1446(a), the District and Division where this action is pending is the United States District Court for the Northern District of

Florida, Tallahassee Division, and Defendant properly seeks to remove this action to this Court.

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and it is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## III.   THIS ACTION IS ONE BETWEEN CITIZENS OF DIFFERENT STATES

8.      In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  *See Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (*overruled on other grounds* by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

9.      Citizenship of a natural person is established by domicile.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).  A person's domicile is established by physical presence and intent to remain indefinitely.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

10.    In the Complaint, Plaintiff alleges that he is a resident of the State of Florida.  *See* Compl., ¶3.  Thus, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction.

11.    For diversity jurisdiction purposes, a corporation is deemed a citizen of the State it is incorporated in, and the State where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called the place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." 559 U.S. 77, 80-81 (2010) (internal citations omitted).

12.    Unincorporated entities such as limited partnerships and limited liability companies are citizens of each state in which any of its partners—limited or general—or members, respectively, are citizens.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004).

13.    Defendant Danfoss LLC is a limited liability company.  *See* **Exhibit C**, *Declaration* at ¶4.  Its sole member is Danfoss Power Solutions Company ("Danfoss Power Solutions").  *Id*., at ¶5.  Danfoss Power Solutions is a Delaware corporation with its principal place of business in Iowa.  *Id*.  Thus, for diversity purposes,

Defendant is a citizen of Delaware and Iowa.[1]  *See Rolling Greens MHP, L.P.,* 374 F.3d 1021.

14.    Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Danfoss LLC (a citizen of Delaware and Iowa) at the time of filing this Notice of Removal.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY THRESHOLD

15.    Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

16.    Plaintiff's Complaint alleges damages that exceed Fifty Thousand Dollars ($50,000.00); however, Plaintiff does not specify the exact amount of damages that he seeks. *See* Compl., ¶ 2; WHEREFORE clause.

17.    Where, as here, the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy.  28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

---

[1] As a corporation, Danfoss Power Solutions is deemed to be a citizen of both the state in which it was incorporated and the state in which it has its principal place of business.  *See* U.S.C. 1332(c).

threshold," and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18.    In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," regardless of the plaintiff's likelihood of success. *S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010); *Jackson v. Am. Bankers Ins. Co.,* 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (finding the "appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint").

19.    "[The] Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id.*, at 1062.

20.     A plain reading of Plaintiff's Complaint, together with the jurisdictional allegations herein, demonstrates that the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity.  *See* 28 U.S.C. § 1332(a).

21.     Plaintiff alleges that he was the victim of discrimination based on his race as well as retaliation.  *Compl.*, at ¶¶ 23-24, 28-29.  Specifically, Plaintiff alleges he suffered, and seeks to recover for, emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. *Id.*, at¶¶ 27; 32.  Plaintiff further contends that his damages are permanent and continuing, and that he is entitled to equitable relief and punitive damages. *Id.*; *see also* "Prayer for Relief" (wherein Plaintiff seeks equitable relief; general and compensatory damages and economic loss; award of attorneys' fees and costs).  Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to the FCRA.  *See* Fla. Stat. § 760.11.

22.     As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial.  *See e.g., Pope v. 20/20 Commc'ns, Inc.,* No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC,* No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla.

Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.,* No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pack from time of termination through expected trial date, noting that the court may use its "judicial experience and common sense" in making that determination); *see Penalver v. N. Elec., Inc.,* No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.,* No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.,* No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.,* 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

23.     At the time of his termination in May 2022 (*Compl.*, ¶ 21; *see also* **Ex. C,** at ¶ 6), Plaintiff was earning $18.90 per hour, or approximately $756 per week (using a 40-hour workweek). *See* **Ex. C,** at ¶6.   Accordingly, Plaintiff's back pay

to date is approximately $73,332.00,[2] not including the additional value of the benefits he seeks.  Adding an additional year of back pay to account for the expected time between now and trial, Plaintiff would seek to recover approximately $112,644.00 in total back pay.[3]

24.    In addition, a conservative estimate of front pay would be equal to one year of pay, increasing Plaintiff's claim for lost pay to $151,956.00,[4] not including the added value of the benefits he seeks to recover.  *See Brown v. Cunningham Lindsey U.S., Inc.,* No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial, and crediting one year of front pay as a conservative measure of potential future lost wages).  Accordingly, Plaintiff's claims for lost pay alone satisfy the jurisdictional requirement.

25.    Plaintiff also seeks to recover compensatory damages for "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses…."  *See Compl.,* at ¶¶ 27; 32. Plaintiff also seeks to recover punitive damages. *See Id*.  Compensatory and punitive damages should be considered when calculating the amount in controversy.  *See, e.g., Awad v. Cici Enterprises,* 2006 U.S. Dist. LEXIS 71998, at *3-4 (M.D. Fla. Oct.

---

[2] $18.90 x 40 hours per week x 97 weeks = $73,332.00
[3] $18.90 x 40 hours per week x 149 weeks = $112,644.00
[4] $18.90 x 40 hours per week x 201 weeks = $151,956.00

3, 2006); *Brown v. Cunningham Lindsey U.S., Inc.,* 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (*citing Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987)).

26.    Courts have found that where litigants seek compensatory damages in the form of pain and suffering, as Plaintiff does here, the damages are sufficient to establish the jurisdictional amount for a diversity action.  *See Estevez-Gonzalez v. Kraft,* 606 F. Supp. 127, 129 (S.D. Fla. 1985); *see also Harmony Homes, Inc. v. United States,* 890 F. Supp. 1032, 1034 (M.D. Fla. 1995); *Baker v. Firestone Tire & Rubber Co.,* 537 F. Supp. 244 (S.D. Fla. 1982); *Schmidt v. Pantry, Inc.,* No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, at *12 (N.D. Fla. Mar. 6, 2012) ("jury awards for intangible damages in employment discrimination cases frequently result in substantial damage awards.").  Even garden-variety emotional distress damages in employment termination cases may significantly increase the amount in controversy.  *See, e.g., Cunningham Lindsey U.S.,* 2005 WL 1126670 at *5. Accordingly, Plaintiff's claims for compensatory damages alone also satisfy the jurisdictional requirement.

27.    Further, under the FCRA, Plaintiff may seek punitive damages of up to $100,000 as a potential remedy.  *See* Fla. Stat. §760.11(5).  As the court ruled in *Cunningham Lindsey U.S.,* "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is

apparent to a legal certainty that such cannot be recovered." *Id*. at *5 (internal quotation marks omitted; emphasis added).   As in *Cunningham Lindsey U.S.,* nothing in Plaintiff's Complaint "indicates that he is seeking less than the maximum allowable amount of punitive damages." *Id*. at *5.

28.   Plaintiff also alleges that Defendant is liable for his attorneys' fees.  The FCRA provides a statutory basis for recovery of reasonable attorneys' fees as damages. *See* Fla. Stat. § 760.11(5).  Therefore, a reasonable estimate of such fees should be included in evaluating the amount in controversy. *See Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy").

29.   The Court may consider reasonable estimates for likely attorneys' fees based upon similar employment termination cases. *See, e.g., Alshakanbeh,* 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering estimate of $40,000 for attorney's fees in Jacksonville employment discrimination case). Assuming that counsel spends 200 hours on this case through the time of trial (*see, e.g., Alshakanbeh,* 2007 U.S. Dist. LEXIS 20746, at *5), and even assuming counsel's rate is only $300 per hour, that adds another $60,000 to the amount in controversy that should be considered.

30.     Considering the cumulative value of Plaintiff's potential claims for back pay, front pay, compensatory damages, punitive damages and attorneys' fees, the amount in controversy unequivocally exceeds $75,000, exclusive of interests and costs.

31.     Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## V.     **<u>CONCLUSION</u>**

32.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. § 1441 and 1446 because it is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**WHEREFORE**, Defendant, DANFOSS LLC, respectfully removes this action, now pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, to the United States District Court for the Northern District of Florida, Tallahassee Division.

Dated:        March 28, 2024        Respectfully submitted,


                                    /s/ *Rebecca R. Anguiano*
                                    Rebecca R. Anguiano, Esq.
                                    Florida Bar No. 99690
                                    Email: ranguiano@littler.com
                                    Secondary: kkidd@littler.com
                                    Kimberly Doud, Esq.
                                    Florida Bar No. 0523771
                                    Email: kdoud@littler.com
                                    Secondary: mfilmore@littler.com
                                    LITTLER MENDELSON, P.C.
                                    Wells Fargo Center
                                    333 SE 2nd Avenue, Suite 2700
                                    Miami, FL 33131
                                    Telephone: (305) 400-7500
                                    Facsimile:  (305) 603-2552

                                    *ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2024, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

Kevin C. Kostelnik, Esq.
Florida Bar No. 0118763
Email: kevin@tiffanycruzlaw.com
Tiffany R. Cruz
Florida Bar No. 090986
Email: tiffany@tiffanycruzlaw.com
Secondary: kera@tiffanycruzlaw.com
Secondary: parker@tiffanycruzlaw.com
Cruz Law Firm, P.A.
411 N. Calhoun St.
Tallahassee, FL 32301

***COUNSEL FOR PLAINTIFF***
***Served via CM/ECF and E-mail***


/s/ Rebecca R. Anguiano
Rebecca R. Anguiano


4859-5189-3679.3 / 065276-1062

14