# EXHIBIT A

IN AND FOR THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

RASHAD FLETCHER,

    Plaintiff,

CASE NO.: 2024 CA 000323

v.

DANFOSS LLC,

    Defendant.

_____/

Date: 2-27-24 Time: 1:40 pm

**SUMMONS**    Eric Deal    S.P.S. 336

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**DANFOSS LLC
C/O CT CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Tiffany R. Cruz**, Plaintiff's attorney, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on this _____ day of _____, 2024.

CLERK OF THE CIRCUIT COURT

By: _____  02/26/2024

Filing # 192619511 E-Filed 02/23/2024 02:05:32 PM

IN AND FOR THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

RASHAD FLETCHER,

    Plaintiff,

CASE NO.:

v.

DANFOSS LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, RASHAD FLETCHER, hereby sues Defendant, DANFOSS LLC, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under §112.3187, *et seq.,* Florida Statutes and the Florida Civil Rights Act of 1992, Florida Statute § 760.10.

2. This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury; accordingly, although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## PARTIES

3. At all times pertinent hereto, Plaintiff, RASHAD FLETCHER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff reported Defendant's violation of the Florida Civil Rights Act, and thereafter was subject to retaliation by Defendant. Plaintiff is also a member of a protected class due to his race.

4. At all times pertinent hereto Defendant, DANFOSS LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and has received a Right to Sue letter from the EEOC.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, is an African American male, who was hired by Defendant in July 2021 as an Inventory Control Specialist.

7. Plaintiff was initially supposed to work under Ryan Walden, a white male.

8. However, on his first day of work, Defendant assigned Plaintiff to work under Debra Vaillancourt, a white female.

9. Ms. Vaillancourt did not provide any training to Plaintiff for his hired position.

10. Instead, Ms. Vaillancourt assigned Plaintiff to work on the production floor in a temporary capacity for two months, despite Plaintiff being hired as a full time Inventory Control Specialist.

11. While working in that role, Ms. Vaillancourt would bully Plaintiff and scrutinize his every move. Ms. Vaillancourt would require Plaintiff to work outside his job description and perform manual labor and menial tasks.

12. Plaintiff was further excluded from team meetings and not provided equipment to perform his job.

13. After dealing with this discrimination for approximately 3 weeks, Plaintiff reported the behavior to Scott Coleman, a white male, who was Ryan Walden's supervisor.

14. Plaintiff then met with someone in Defendant's Human resources Department, Kody Johann.

15. Plaintiff complained about Mr. Johann and Ryan Walden about his treatment by Ms. Vaillancourt and that he felt it was because of his race.

16. After these Complaints Ms. Vaillancourt began retaliating against Plaintiff by writing him up for attending a doctor's appointment with a doctor's note, he was written up for being out with a sick trial, and was written up for being one minute late while he was standing at the time clock. White employees were not written up for the same behavior.

17. Further, Ms. Vaillancourt began requiring Plaintiff to clock out causing him to lose wages.

18. Further, Plaintiff was given discipline points without his knowledge.

19. White employees were not given points for the same alleged infractions.

20. Further, none of these write ups occurred until after Plaintiff's complaints to human resources.

21. Ultimately, in May 2022, Plaintiff was terminated.

22. Plaintiff hired the undersigned to represent his interests in this action and Defendant should be made to pay Plaintiff's attorney's fees and costs.

**COUNT I**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**RACE DISCRIMINATION**

23. Paragraphs 1-22 are reincorporated as though fully realleged herein.

4

24. Defendant discriminated against Plaintiff on the basis of his race with respect to terms, conditions, and privileges of his employment and terminated Plaintiff from his employment in violation of § 760.10(1)(a) and (b), Florida Statutes.

25. Plaintiff is a member of a protected class within the meaning of the applicable law.

26. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment.

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief and punitive damages.

### COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Retaliation

28. Paragraphs 1-22 are reincorporated as though fully realleged herein.

29. Defendant discriminated against Plaintiff on the basis of his reporting unlawful conduct by Defendant under the above law, with respect to terms,

conditions, and privileges of his employment and terminated Plaintiff from his employment in violation of § 760.10(1)(a) and (b), Florida Statutes.

30. Plaintiff is a member of a protected class within the meaning of the applicable law.

31. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment.

32. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to equitable relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    a.    that process issue and this Court take jurisdiction over this case;

    b.    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

c.   enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

d.   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

e.   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

f.   grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 23rd day of February 2024.

/s/ Tiffany R. Cruz
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kevin Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com
**Cruz Law Firm, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301
Telephone: 850-701-8838
*Attorneys for Plaintiff*

Filing # 192738429 E-Filed 02/26/2024 03:07:39 PM

IN AND FOR THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

RASHAD FLETCHER,

    Plaintiff,

CASE NO.: 2024 CA 000323

v.

DANFOSS LLC,

    Defendant.

_____/

## NOTICE OF APPEARANCE OF ADDITIONAL COUNSEL FOR PLAINTIFF

PLEASE TAKE NOTICE that the undersigned hereby enters his appearance as counsel of record for Plaintiff, RASHAD FLETCHER ("Plaintiff"). All correspondence, pleadings, notices, and other materials filed or issued in this cause as it relates to the Plaintiff should be directed to:

Kevin C. Kostelnik, Esq. at kevin@tiffanycruzlaw.com.

DATED this 26th day of February, 2024.

Respectfully submitted,

/s/ Kevin C. Kostelnik
KEVIN C. KOSTELNIK
Florida Bar No.: 0118763
TIFFANY R. CRUZ
Florida Bar No.: 090986
**CRUZ LAW FIRM, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301

850-701-8838
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
kera@tiffanycruzlaw.com
parker@tiffanycruzlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2024, a true and correct copy of the foregoing has been filed via the Florida Court's E-filing Portal.

/s/ *Kevin C. Kostelnik*
Kevin C. Kostelnik

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**RASHAD FLETCHER**

    Plaintiff

vs                                                    CASE NO.: 2024 CA 000323

**DANFOSS LLC**

    Defendant
_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Monday, February 26, 2024
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**RASHAD FLETCHER**

    Plaintiff

vs.                                        CASE NO.: 2024 CA 000323

**DANFOSS LLC**

    Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

   120 days after filing: Service of Complaints
   150 days after filing: Service under any Extension of Time
   180 days after filing: Adding New Parties
   210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
   270 days after filing: Completion of Fact and Expert Discovery
   270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

   120 days after filing: Service of Complaints
   180 days after filing: Service under any Extension of Time
   210 days after filing: Adding New Parties
   270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
   400 days after filing: Completion of Fact and Expert Discovery
   450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.

Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Monday, February 26, 2024
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.